IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA WILEY, | ) |
| | ) |
| Plaintiff, | ) 2:18-cv-01207-CRE |
| | ) |
| vs. | ) |
| | ) |
| WORLD WRESTLING | ) United States Magistrate Judge |
| ENTERTAINMENT, VINCE MCMAHON, | ) Cynthia Reed Eddy |
| and JOHN DUE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPNION AND ORDER**

On September 11, 2018, Plaintiff filed a motion for leave to proceed in forma pauperis (ECF No. 1). The court granted the in forma pauperis motion on October 1, 2018. (ECF No. 2) and the Complaint was filed on the same date. (ECF No. 3). For the reasons that follow, the complaint will be *sua sponte* dismissed without prejudice prior to service under 28 U.S.C. §1915(e)(2) because the action is frivolous and fails to state a claim on which relief may be granted.

**I.    Legal Standard**

Plaintiff is proceeding *pro se* and as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). However, *pro se* litigants are not free to

ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e). Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons[1] who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact." (citing *Neitzke, supra*). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).[2]

In determining whether a complaint fails to state a claim upon which relief may be granted for purposes of Section 1915(e)(2)(B), courts apply the same standard applied to motions to

---

[1] Although the Third Circuit has not ruled on the issue, several district courts in the Third Circuit have considered the question of whether this revised in forma pauperis statute applies only to prisoners and have concluded that it does not. *Leatherman v. Obama*, C.A. No. 12-1486, 2012 WL 5398912 (W.D. Pa. Nov. 2, 2012) (Fisher, J.), *adopting R&R* 2012 WL 5398856 (W.D. Pa. October 22, 2012); *Harrison v. Shapiro*, No, 97–2133, 1997 WL 197950, at * 1 (E.D. Pa. 1997); *Jones v. North Atlantic Treaty Organization*, No. 98–1185, 1998 WL 136511, at *1 n. 1 (E.D. Pa.1998); *McAllen v. Attic Away From Home*, No. 00–941, 2000 WL 1752618, at *2 n. 7 (D. Del. 2000). Each of these courts has found the mention of the word "prisoner" to be a typographical error, and that the Congress meant the statute to read "person." I find this reasoning to be persuasive. *See also, Anyanwutaku v. Moore*, 151 F.3d 1053 (D.C. Cir.1998); *Mitchell v. Farcass,* 112 F.3d 1483, 1484 (11th Cir.1997); *Powell v. Hoover*, 956 F.Supp. 564, 568 (M.D. Pa.1997).
[2] Dismissal under Section 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" *Neitzke,* 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The United States Court of Appeals for the Third Circuit has expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which

fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915([e]) both counsel dismissal." *Neitzke,* 490 U.S. at 328 (footnote omitted).

## II. Plaintiff's Claims

Presently before the Court is *Wiley v. World Wrestling Entertainment et al,* 2:18-cv-01207, which the court notes is far from a model of clarity as it lacks specificity in its detail and relief sought. Wiley is pursuing a claim for copyright and trademark infringement, citing 15 U.S.C. §§ 1114, 1125(a), as well as "deceptive and unfair trade practces [sic], F.S.A. 501," and breach of contract. (ECF No. 3, p. 1). Plaintiff alleges that he signed a "fair use copyright contract" with World Wrestling Entertainment, Vince McMahon, and John Due of the D-Generation X/New World Order Wrestling on January 21, 1995 in front of the Lawrence County, Pennsylvania courthouse after he was sentenced in an unrelated criminal matter, concerning trademark work entitled "D-Generation X/New World Order Merchandise." (ECF No. 3 at 1, 2). He further alleges that he issued numerous cease and desist orders over twenty years, all of which have been ignored by defendants. He attaches as an exhibit to the Complaint one such cease and desist notice dated July 12, 2018. (ECF No. 3 at 3). Plaintiff appears to be alleging that he is a former employee of WWE and that he wrote and created music and designed the Degeneration X and NWO ET-Al clothing line. According to Plaintiff, defendants have failed to release a copy of the fair use copyright contract and royalty payments associated therewith. He seeks release of the contract, an injunction ordering defendants to respond to the allegations, and $75 million in royalty damages, in addition to legal fees and costs. (ECF No. 3 at 2).

The complaint herein does not allege "enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

4

liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Giving the Plaintiff the benefit of the doubt due to pro se litigants, the Court is unable to ascertain that any cause of action has been sufficiently plead. Plaintiff's claims are either based on indisputably meritless legal theories or lack the necessary factual content and should therefore be dismissed, *sua sponte*, pursuant to 28 U.S.C. §1915(e)(2). *Neitzke*, 490 U.S. at 328. Plaintiff has alleged numerous causes of action, which he has not separated into separate counts in the complaint, and has failed to provide the requisite factual specificity. For example, he has not alleged the dates of any alleged agreement or legally protected trademark registry, the nature, dates and specifics of the terms of the contract allegedly breached, how and/or when the mark was used by defendant(s) without his permission, and which causes of action are brought against which defendants and the basis for their separate individual liability.

The court, however, will grant plaintiff leave to amend his claims . *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Some guidance for the drafting of a complaint may be found at https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case, a copy of which is enclosed herewith.

Furthermore, plaintiff has filed a motion for service by U.S. Marshal (ECF No. 5). Service will not be ordered until plaintiff files an Amended Complaint which survives pre-screening.

## ORDER

AND NOW, this 9th day of January, 2019, the Complaint in this matter is hereby DISMISSED WITHOUT PREJUDICE as frivolous and for failure to state a claim, pursuant to the screening provisions of 28 U.S.C. 1915(e)(2). Plaintiff may file an Amended Complaint on or before **January 31, 2019**.

IT IS FURTHER ORDERED THAT the "Motion for Service by U.S. Marshal" (ECF No. 5) is DENIED WITHOUT PREJUDICE.

        s/*Cynthia Reed Eddy*
        Cynthia Reed Eddy
        Chief United States Magistrate Judge

cc:    DANA WILEY (w/enclosure)
       531 Case Street
       Apt. 9
       Rochester, PA 15074