# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANA W. WILEY, CT-2123,        )
    Petitioner,              )
                             )
    v.                       ) 2:12-cv-1380
                             )
U.S.GOVERNMENT OFFICIALS et al., )
    Respondents.             )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Dana W. Wiley an inmate at the State Correctional Institution-Greene has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be transferred to the United States Court of Appeals for the Third Circuit for consideration as a successive petition.

    The document which Wiley filed is captioned "Emergency petition requesting triable necessitating equitable redress on writ of habeas corpus exercised by a state prisoner, pursuant to 28 U.S.C. 2254." The gist of the petition appears to be that on May 1, 1995 he received a five to twenty year sentence for armed robbery at Criminal No. 1139/94 in the Court of Common Pleas of Lawrence County, Pennsylvania to be followed by a consecutive three to six years sentence for aggravated assault imposed on August 21, 1995 at No. 1144/94 also in the Court of Common Pleas of Lawrence County, Pennsylvania. The petitioner's direct appeal was quashed and the judgment of sentence affirmed by the Superior Court on March 23, 2001. Wiley subsequently filed a post-conviction which was denied as untimely on November 14, 2006. According to the petitioner these sentences are presently the subject of a PCRA appeal to the Superior Court pending at No. 1810 WDA 2011, however, the Superior Court docket sheet reflects that the denial of post-conviction relief was affirmed on August 10, 2012.[1]

    The instant submission executed September 19, 2012 although captioned as a habeas corpus petition submitted pursuant to 28 U.S.C. §2254 also attempts to allege some fanciful

---

[1] See: Petitioner's submissions and the Superior Court docket sheet.

issues designed to demonstrate that he had received a presidential pardon on the Lawrence County charges. However, this is not the first federal challenge that the petitioner has directed at these convictions. Wiley previously filed a habeas action challenging these convictions in this Court at 2:99-cv-2117. That petition was denied on June 11, 2001 and Wiley's appeal was dismissed for lack of timeliness. He subsequently filed another challenge to the same convictions at 2:00-cv-1192. The latter petition was dismissed as a repetitive petition on August 29, 2000 and a certificate of appealability was denied by the Court of Appeals on October 15, 2001.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing.  The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of

2

Appeals as required by 28 U.S.C.§ 2244(b)(3)(A), this Court lacks jurisdiction to proceed without the authorization of the Court of Appeals. Accordingly, it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

    An appropriate Order shall be entered.

ORDER

AND NOW, this 1st day of November 2012, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

s/ Robert C. Mitchell,
United States Magistrate Judge