# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

vs.

CRIMINAL NO. 3:CR-02-160

DANA WILEY,

(JUDGE CAPUTO)

Defendant.

## MEMORANDUM

Presently before the Court is a review of the Court's earlier order to commit Defendant Wiley to the custody of the Attorney General for the purposes of determining whether the Defendant would become competent to stand trial in the foreseeable future. (Doc.26.) The Court hereby finds that Mr. Wiley continues to be incompetent to stand trial, and there is not a substantial probability that he will be competent in the foreseeable future.

## BACKGROUND

In October, 2002, the parties filed a Joint Motion for Competency Evaluation. The Defendant was evaluated November 6, 2002, and Dr. Ryan concluded that the Defendant was unable to assist with his own defense. Upon review of the matter, the Court found the Defendant incompetent to stand trial and ordered Defendant into the custody of the Attorney General pursuant to 18 U.S.C. §4241(d). The Attorney General was further ordered to determine whether there was a substantial probability that Mr. Wiley would become competent to stand trial in the foreseeable future. The Attorney General submitted the report of Dr. Schulz on July 16, 2003. The Court held a hearing September 3, 2003, to reevaluate the competency of Mr. Wiley in the light of Dr. Schulz's findings.

## LEGAL STANDARD

After the Court makes an initial determination of mental competency, the defendant is placed in the custody of the Attorney General for up to 4 months to determine whether there is a substantial probability that the defendant will become competent in the foreseeable future. 18 U.S.C. § 4241(d). At the conclusion of this evaluation period, the Court must reevaluate the defendant's mental condition to determine whether the defendant will become competent in the foreseeable future. *Id.* If the defendant is found competent, the proceedings resume as normal. If a defendant will be competent in the foreseeable future, then he remains in the custody of the Attorney General, and the court makes evaluations at least every 6 months to evaluate the competency of the defendant. *Id.* If the Court finds that the defendant will not become competent in the foreseeable future, then the defendant is subject to the provisions of 18 U.S.C. § 4246. *Id.* The proceedings detailed in §4246 permit a federal court to hold a person due for release if the person presents a "substantial risk of bodily injury" or "serious property damage of another." 18 U.S.C. § 4246. Only the director of the facility holding the person can initiate a §4246 proceeding by filing a certificate with the court. *Id.*

## DISCUSSION

In the present case, the Court is presented with conflicting expert reports. Dr. Schulz's report suggests that Mr. Wiley is competent, while Dr. Wiley's report suggests that he is not. Even though the several months separates these reports, no party contends that Mr. Wiley has experienced a change in his mental condition between the first and second evaluation, the second expert merely disputes the conclusions reached by the first expert.

2

The Court is not bound by the legal opinions of the expert witnesses, although it may find those opinions helpful in reaching its determination. Dr. Schulz diagnosed Mr. Wiley as having Borderline Intellectual Functioning and Antisocial Personality Disorder, yet Dr. Schulz contends that Mr. Wiley does not suffer from a mental disease or defect. The Court disagrees with Dr. Schulz's conclusion, and finds that, regardless of the exact medical diagnosis[1], Mr. Wiley's numerous written filings with the court and lengthy statements made in the most recent hearing suggest that Mr. Wiley suffers from a mental disease or defect.

Further, the Court finds that the mental disease or defect prevents Mr. Wiley from being able to assist in his own defense. While Mr. Wiley strongly desires to proceed with trial, it is evident to the Court that Mr. Wiley is not able to assist his attorney. The Court considers the statements by Defendant's counsel very compelling. Mr. Kostelaba, counsel for Defendant, stated that he is unable to provide a defense at this time because Mr. Wiley has not provided him with factual information necessary to prepare the case. Mr. Wiley also informed the Court that he did not tell his lawyer everything, and the record of the hearing reflects that his failure to communicate information is a result of the delusional and irrational thinking of the Defendant.

The Court also finds that Mr. Wiley does not understand the nature and consequences of the proceedings. Mr. Kostelaba told the Court that he made numerous attempts to explain matters to his client, but his client does not understand the charges or the consequences of these proceedings. The most compelling evidence that Mr. Wiley

---

[1] The first report by Dr. Riley diagnosed Mr. Wiley with Psychotic Disorder Not Otherwise Specified and Delusional Disorder, Paranoid Type, Provisional.

3

does not understand the proceedings is his own statements made during the hearing. Defendant explained that he intended to defend the charges by proving the mass government conspiracy against him. He intends to call numerous celebrities and political leaders as witnesses to prove this conspiracy. He also reiterated that he personally knew many of these people. Mr. Wiley made a special point of clarifying that Dr. Schulz's report was incorrect when it reported that Mr. Wiley said he had not met these famous people and he only made up the stories to draw attention to himself.

The Court finds that there is no substantial probability that Mr. Wiley will become competent to stand trial in the foreseeable future. No evidence suggests that Mr. Wiley's condition is in any way improving. Mr. Wiley has a mental health history dating back to his teenage years. Dr. Schulz's report states that there was "no noticeable decrease in Mr. Wiley's occasional comments about knowing famous people or feeling conspired against." Dr. Schulz made this observation after Mr. Wiley took an antipsychotic drug for a month.

## CONCLUSION

In consideration of the continued irrational and delusional behavior of Mr. Wiley, the Court finds that he is not competent to stand trial, and there is no substantial probability that the Defendant will become competent in the foreseeable future. With the question of competency no longer pending, the Attorney General is no longer authorized to hold Defendant in his custody.

September 8, 2003
Date

A. Richard Caputo
United States District Judge

4