## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA W. WILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-1207 |
| VINCE MCMAHON, World Wrestling | ) | |
| Entertainment Chairman CEO, AND | ) | |
| JOHN DUE, D-Generation X and NWO | ) | |
| Wrestling employee's, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by Defendants World Wrestling Entertainment, Inc., and Vince McMahon, (ECF No. 12), be granted and that Plaintiff's Amended Complaint be dismissed with prejudice as to all Defendants.

### II.    REPORT

#### A.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

*Pro se* Plaintiff Dana Wiley ("Plaintiff") commenced this action against World Wrestling Entertainment, Inc., ("WWE"), WWE's CEO Vince McMahon, (collectively referred to as the "WWE Defendants"), and "John Due D-Generation X [and] NWO Wrestling Employee's [sic]." (ECF No. 3). After his original Complaint was dismissed *sua sponte* without prejudice by Chief Magistrate Judge Eddy, (ECF No. 6), he filed an Amended Complaint on January 25, 2019.[1] (ECF No. 7).

---

[1] This case was transferred to the undersigned on July 9, 2019.

In the Amended Complaint, Plaintiff alleges that on August 21, 1995, he entered into a \$75 million contract with Defendants for his "brand trademark name D-Generation X NWO t-shirt's [sic] and other merchandise[.]". *See* Paragraph 2 of Introduction to Amended Complaint. (ECF 7, at 1). While the Amended Complaint is unclear, it appears that Plaintiff alleges that merchandise bearing the names "D-Generation X" and "NWO" was promoted by Defendants during an ill-defined period of time ending on September 2, 2019.[2] (*Id.* ¶¶ 2, 5). Plaintiff claims that he sent a cease and desist letter to Defendants demanding that they release a copy of the contract and pay him \$75 million but they failed to do so. (*Id.* ¶¶ 3, 4).

Plaintiff's claims include breach of a "copyright contract" by promoting his products but failing to pay him for sums purportedly due under the contract. While it is far from clear, Plaintiff also appears to assert a copyright infringement claim and a trademark infringement claim under the Lanham Act, 15 U.S.C. §1114 or §1125.

The WWE Defendants moved to dismiss the Amended Complaint on April 23, 2019. (ECF No. 12). In their Brief in Support of the Motion to Dismiss, the WWE Defendants note that as of August of 1995, Plaintiff was incarcerated, having been previously sentenced on May 1, 1995, for a five to twenty-year term for armed robbery. (ECF No. 13, at 1–2).[3] Moreover, on the specific date that the contract was allegedly executed, Plaintiff was in the Lawrence County Jail for a sentencing hearing on an unrelated assault charge and was later transferred to the State Correctional Institution at Greene. (*Id.* at 1).

---

[2] Since the Amended Complaint was filed in January 2019, Plaintiff presumably misstated the date that he claims Defendants ceased to promote his products.

[3] As the WWE Defendants point out, the Court can take judicial notice of docket sheets and court records relating to Plaintiff's criminal history. *See Ingram v. Fish*, 2010 WL 3075747, at \*3 (W.D. Pa. August 5, 2010).

In a 2013 "emergency petition for review," Plaintiff asserted various copyright claims regarding a "hard drive disc" of a television broadcast on August 21, 1995 (the same date that he claims he entered into contract with the WWE Defendants) and that President Clinton had mailed him a check for $75 million (the same damages that he claims to be at issue here). (*Id.* at 2–3).[4]

In large measure, Plaintiff's Response in Opposition does not address the issues raised by the WWE Defendants. (ECF No. 19). While Plaintiff does allege that several WWE personalities attended his August, 1995 sentencing in Lawrence County at which time they had Plaintiff sign the contract that he claims is at issue in this case and Plaintiff gave them "NWO/DX" t-shirts, the Amended Complaint makes no such allegation. (*Id.* at 1). Otherwise, the Response references individuals and events that do not appear to have any bearing on the claims asserted in this case. (*Id.* at 1–2).

### B.   STANDARD OF REVIEW

In order to survive a motion to dismiss that is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked

---

[4] It also appears from public records that the Plaintiff has experienced significant mental health issues at various times. (ECF No. 13, at 2–3). This includes a finding in 2003 that he was not competent to stand trial because of irrational and delusional behavior. (*Id.* at 2).

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).
Mere "possibilities" of misconduct are insufficient. *Id.* at 679.

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits
attached to the complaint, matters of public record, as well as undisputedly authentic documents
if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223,
230 (3d Cir. 2010) (citation omitted).

Complaints filed by *pro se* litigants must be liberally construed and are subject to less
stringent standards than pleadings drafted by an attorney. *Erikson v. Pardus*, 551 U.S. 89, 94
(2007). However, as the WWE Defendants note, a *pro se* complaint must be dismissed if it does
not allege a claim that is plausible on its face. *See Twombly*, 550 U.S. at 556.

## C.   DISCUSSION

Plaintiff appears to assert three causes of action in his Amended Complaint: copyright
infringement, trademark infringement and breach of copyright contract. As discussed below, all of
the purported causes of action fail to state a claim upon which relief could be granted.

### 1.   Plaintiff's Claims are not Plausible

As an initial matter, the claims that Plaintiff asserts in his Amended Complaint are
implausible at best. Given his status as a convicted felon and inmate at the precise time that he
claims to have entered into a contract with the WWE Defendants for $75 million, his claims are
both incredible and improbable. As public records reveal, Plaintiff has made unrelated and
seemingly nonsensical copyright claims against third parties that are strikingly similar in several
respects to those asserted herein, including events that allegedly occurred on exactly the same date
and involved exactly the same amount in dispute. Plaintiff's response to the motion to dismiss,
which is largely incoherent, also suggests that WWE representatives, as well as President Clinton,

4

Princess Diana and others, attended his sentencing hearing on August 21, 1995. (ECF No. 19, at 1). His response also includes other incomprehensible statements as well.

Thus, as the Amended Complaint fails to allege sufficient facts to state a plausible claim, it could be dismissed on that basis alone. Even if a further review of the Amended Complaint is warranted, however, Plaintiff's claims fail as a matter of law.

### 2. Copyright Claim

Plaintiff's copyright claim fails to state a claim upon which relief may be granted. While the Amended Complaint references two sections of the Copyright Act, §§1004 and 114(G)(2), these sections relate to digital audio recordings and sound recordings respectively, neither of which are relevant to the allegations in the Amended Complaint. Rather, the only actionable conduct claimed by Plaintiff relates to Plaintiff's "trademark name D-Generation X NWO t-shirt's" and other unidentified merchandise. (ECF No. 7, ¶¶ 1–5).

Even if Plaintiff had identified a section of the Copyright Act applicable to the products he identifies, however, he failed to allege that he has registered any copyrights. Registration is a requisite to bringing an action for copyright infringement. *Fourth Estate Public Benefit Corp. v. Wall-Street.com*, 139 S.Ct. 881, 887 (2019).[5] Moreover, Plaintiff has not identified any work that is eligible for a copyright; as the WWE Defendants point out, phrases like "D-Generation-X" or "NWO" are not copyrightable. *Southco, Inc. v. Kanebridge Corp.*, 390 F.3d 276 (3d Cir. 2004). Without a registered copyright, Plaintiff's claim cannot be sustained.

---

[5] While there are limited circumstances in which a party can file an infringement action before undertaking registration, none of them apply here. *Id. See also* 17 U.S.C. § 411(a).

### 3.   Trademark Claim

Plaintiff claims that the WWE Defendants failed to pay him royalties for selling "his brand trademark name D-Generation X NWO T-Shirt's and other merchandise." (ECF 7, ¶¶ 1–5). In order to establish a trademark infringement claim under the Lanham Act, Plaintiff must prove, among other things, that he owns these marks. *See, e.g., Commerce Nat'l Ins. Servs., Inc. v. Commerce Ins. Agency, Inc.*, 214 F.3d 432, 437–38 (3d Cir. 2000). As the WWE Defendants note, the law requires Plaintiff to allege either a trademark registration or the use of such trademark in commerce in order to establish ownership. (ECF No. 13, at 5) (citing *Ford Motor Co. v. Summit Motor Prods,. Inc*, 930 F.2d 277, 292 (3d Cir. 1991)).

Other than bald conclusions, Plaintiff fails to set forth any facts that support his claim of ownership. In fact, this Court takes judicial notice that WWE is the owner of valid trademark registrations for D-Generation X and NWO New World Order. (*Id.* at 6 n.3). As Plaintiff is not the owner of these trademarks and has not alleged that he used them in commerce, his claim must be dismissed.[6]

### 4.   Breach of Contract Claim

Finally, Plaintiff alleges that Defendants breached a "copyright contract." Construing the allegations of the Amended Complaint liberally, as the Court is required to do, it appears that Plaintiff alleges that on August 21, 1995, the parties entered into a "copyright contract" in which Plaintiff would be paid $75 million in order to use his "brand trademark name of D-Generation X NWO" on various merchandise. At the same time, in Exhibit A to the Amended Complaint, Plaintiff alternatively claims that the WWE Defendants were required to pay him $3 million a year

---

[6] It is implausible that Plaintiff could have used these marks in commerce given the fact that he was incarcerated when the contract was allegedly entered into.

for life; that the contract called for an investment of $75 million into WWE stock "along with TNA impact" and payment of $3 million per year; or that the contract price was $51 million as well as lifetime yearly payments of $3 million.

To maintain a cause of action for breach of contract under Pennsylvania law, a plaintiff must allege: "'(i) the existence of an agreement, including its essential terms; (ii) a breach of a duty imposed by that agreement; and (iii) damages resulting from the breach.'" *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).

The Amended Complaint fails to plausibly allege the existence of a contract, including its essential terms. As discussed previously, Plaintiff was incarcerated on the date when the contract was allegedly executed, and it defies logic and common sense that he was in a position to enter into any contract at that time. His bare conclusions that he and the WWE Defendants entered into a contract that he vaguely describes is not credible and is unsupported by sufficient facts. Similarly, his failure to allege that he possessed registered copyrights for the names D-Generation X and NWO compels the conclusion that no "copyright contract" could have been formed. Simply put, if he did not hold copyrights, then he could not enter into an enforceable contract to be compensated for their use.

For all of these reasons, Plaintiff's claims are not only deficient, but as explained below it would be futile to allow another amendment.

### D.    FUTILITY OF AMENDMENT

It is well established that "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." *Astrazeneca Pharm. L.P.*, 769 F.3d at 849 (3d Cir. 2014) (quoting *Krantz v. Prudential*

7

*Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002)). Here, the Court not only gave Plaintiff

an opportunity to amend his complaint, but also explained the deficiencies in it. Specifically, the

Court noted that:

> Plaintiff has alleged numerous causes of action, which he has not
> separated into separate counts in the complaint, and has failed to
> provide the requisite factual specificity. For example, he has not
> alleged the dates of any alleged agreement or legally protected
> trademark registry, the nature, dates and specifics of the terms of the
> contract allegedly breached, how and/or when the mark was used by
> defendant(s) without his permission, and which causes of action are
> brought against which defendants and the basis for their separate
> individual liability.

(ECF No. 6, at 5). Plaintiff's Amended Complaint, however, fails to cure the deficiencies that

necessitated dismissal of the original complaint, and also appears to be factually baseless, i.e., it

alleges facts that "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*,

504 U.S. 25, 33 (1992). Therefore, affording Plaintiff another opportunity to replead his claims

would be futile.

### E.   CONCLUSION

Based on the foregoing, it is respectfully recommended that the WWE Defendants' Motion

to Dismiss (ECF No. 12) be granted and that Plaintiff's Amended Complaint be dismissed with

prejudice as to all Defendants.

### F.   NOTICE

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed. R. Civ. P.

72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written

objections to this report and recommendation. Any party opposing the objections shall have

fourteen (14) days from the date of service of objections to respond thereto. Failure to file

objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F. 3d 187, 193 n.7 (3d Cir.

2011)

Dated: October 4, 2019

PATRICIA L. DODGE
United States Magistrate Judge

Service by regular U.S. mail upon:

Dana W. Wiley
531 Case Street
Apt. 9
Rochester, PA 15074